JDL:AHT/TJS/RTP
F. No. 2006R0196/OCDETF No. NY-NYE-653

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

JAVIER ANTONIO CALLE SERNA,
    also known as "Comba,"
    "Combatiente," "El
    Cantante," "La Doctora,"
    "La Tia," "El Apa," "Papa,"
    "La Senora," "La Firma,"
    "Combat" and "Mortal,"
LUIS ALBERTO BELLO PABON,
    also known as "Mauricio,"
    "Rodolfo" and "Roman,"
GILBERTO MIRANDA ROJAS,
    also known as "Eduardo,"
    "Emilio" and "Henry
    Rengifo,"
WILLIAM CARDENAS FORERO,
    also known as "John,"
    "Cabo," "Willy" and
    "William,"
FRANCISCO JAVIER GARCIA,
    also known as "Pacho
    Garra,"
CARLOS HUGO GARCIA GARCIA,
    also known as "Lucker,"
    "Chocolate" and "Carlos,"
ADOLFO ERAZO ROSERO,
    also known as "Chiguiro,"
    "Chiki," "Enano," "Olmedo,"
    "Stiven" and "Juanes,"
CARLOS HUMBERTO ARIAS MURILLO,
    also known as "Galleta,"
HEDER AUGUSTO SARRIA MARTINEZ,
    also known as "Nino Malo,"
JOSE MANUEL ALVAREZ TONGUINO,
    also known as "Mani,"
    "Indio," "Dulce," "Salado,"
    "Salidito," "Dulcecito,"
    "Manuel" and "Manimoto,"
REINALDO ANTONIO BEDOYA ZAPATA,

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. <u>06-091 (S-5)(SLT)</u>
(T. 21, U.S.C., §§ 848(a),
848(b), 848(c),
848(e)(1)(A), 853(p),
952(a), 959(c), 960(a)(3),
960(b)(1)(B)(ii) and 963;
T. 18, U.S.C., §§ 982,
1956(f), 1956(h), 3238, 2
and 3551 <u>et</u> <u>seq</u>.)

```
            also known as "Rey,"
            "Paisa" and "Paisita,"
DEIVER YEZID RESTREPO LOPEZ,
            also known as "Azael"
            and "Tio Rico,"
GILBERTO LONDONO GARCIA,
            also known as "Profe,"
            "Viejo," "Cerpa" and
            "Cerpita,"
HERMEL ARNUBIO ALARCON DIAZ,
            also known as "Pequenito,"
            "Bajito," "Enano" and
            "Arnold,"
LUIS ENRIQUE CALLE SERNA,
CESAR JULIAN OROZCO SANCHEZ,
            also known as "Arana,"
            "Indio," "Alvaro" and
            "Jordan,"
```

███████████████████████████
    ███████████████████████████
███████████████████
███████████████████████████
    ███████████████████████████
███████████████████

                    Defendants.
- - - - - - - - - - - - - - - - -X
THE GRAND JURY CHARGES:

<u>INTRODUCTION</u>

At all times relevant to this Superseding Indictment, unless otherwise indicated:

1.    The defendant JAVIER ANTONIO CALLE SERNA, also known as "Comba," "Combatiente," "El Cantante," "La Doctora," "La Tia," "El Apa," "Papa," "La Senora," "La Firma," "Combat" and "Mortal," was the principal leader of Los Rastrojos, a paramilitary organization that employed hundreds of individuals

-2-

and controlled the drug trade along the Pacific coast of
Colombia.

2.    Los Rastrojos exported multi-ton loads of cocaine
from Colombia to the United States, via Mexico, Venezuela and
other countries in South and Central America.  To accomplish
this, the defendant JAVIER ANTONIO CALLE SERNA partnered Los
Rastrojos with Mexican cocaine cartels.  In addition, Los
Rastrojos charged other narcotics trafficking organizations a tax
on narcotics traveling through the territory and coastal areas of
Colombia under Los Rastrojos' control.

3.    The defendants LUIS ALBERTO BELLO PABON, also
known as "Mauricio," "Rodolfo" and "Roman," GILBERTO MIRANDA
ROJAS, also known as "Eduardo," "Emilio" and "Henry Rengifo,"
WILLIAM CARDENAS FORERO, also known as "John," "Cabo," "Willy"
and "William," FRANCISCO JAVIER GARCIA, also known as "Pacho
Garra," CARLOS HUGO GARCIA GARCIA, also known as "Lucker,"
"Chocolate" and "Carlos," ADOLFO ERAZO ROSERO, also known as
"Chiguiro," "Chiki," "Enano," "Olmedo," "Stiven" and "Juanes,"
CARLOS HUMBERTO ARIAS MURILLO, also known as "Galleta," HEDER
AUGUSTO SARRIA MARTINEZ, also known as "Nino Malo," JOSE MANUEL
ALVAREZ TONGUINO, also known as "Mani," "Indio," "Dulce,"
"Salado," "Salidito," "Dulcecito," "Manuel" and "Manimoto,"
REINALDO ANTONIO BEDOYA ZAPATA, also known as "Rey," "Paisa" and
"Paisita," DEIVER YEZID RESTREPO LOPEZ, also known as "Azael" and

"Tio Rico," GILBERTO LONDONO GARCIA, also known as "Profe,"
"Viejo," "Cerpa" and "Cerpita," HERMEL ARNUBIO ALARCON DIAZ, also
known as "Pequenito," "Bajito," "Enano" and "Arnold," LUIS
ENRIQUE CALLE SERNA, CESAR JULIAN OROZCO SANCHEZ, also known as
"Arana," "Indio," "Alvaro" and "Jordan," ██████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████were leaders of Los Rastrojos.

<u>COUNT ONE</u>
(Continuing Criminal Enterprise)

        4.    The allegations contained in paragraphs one
through three are realleged and incorporated as if fully set
forth in this paragraph.

        5.    On or about and between January 1, 2004 and
February 23, 2011, both dates being approximate and inclusive,
within the extraterritorial jurisdiction of the United States,
the defendant JAVIER ANTONIO CALLE SERNA, also known as "Comba,"
"Combatiente," "El Cantante," "La Doctora," "La Tia," "El Apa,"
"Papa," "La Senora," "La Firma," "Combat" and "Mortal," together
with others, did knowingly and intentionally engage in a
continuing criminal enterprise, in that the defendant JAVIER
ANTONIO CALLE SERNA committed violations of Title 21, United
States Code, Sections 952(a), 959(a), 960 and 963, including
Violations One through Five set forth below, which violations
were part of a continuing series of violations of those statutes

-4-

undertaken by the defendant JAVIER ANTONIO CALLE SERNA, the principal administrator, organizer and leader of the continuing criminal enterprise, in concert with five or more other persons with respect to whom the defendant JAVIER ANTONIO CALLE SERNA occupied a supervisory and management position, and from which continuing series of violations the defendant JAVIER ANTONIO CALLE SERNA obtained substantial income and resources, in excess of $10 million in gross receipts during a twelve month period for the manufacture, importation and distribution of cocaine. Each of these violations involved in excess of 300 times the quantity of a substance described in Section 841(b)(1)(B) of Title 21, United States Code, to wit: 150 kilograms or more of a substance containing cocaine. The continuing series of violations, as defined by Title 21, United States Code, Section 848(c), included Violations One through Five set forth below.

<u>Violation One</u>
(International Cocaine Distribution -
Approximately 6,000 Kilograms of Cocaine)

6. On or about and between April 1, 2005 and December 30, 2006, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant JAVIER ANTONIO CALLE SERNA, together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense

involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

<u>Violation Two</u>
(Attempted International Cocaine Distribution -
Approximately 1,975 Kilograms of Cocaine)

7.   On or about and between September 1, 2005 and September 30, 2005, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant JAVIER ANTONIO CALLE SERNA, together with others, did knowingly and intentionally distribute and attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3), 960(b)(1)(B)(ii) and 963, and Title 18, United States Code, Section 2.

<u>Violation Three</u>
(Attempted International Cocaine Distribution -
Approximately 15,000 Kilograms of Cocaine)

8.   On or about and between March 1, 2007 and March 17, 2007, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant

-6-

JAVIER ANTONIO CALLE SERNA, together with others, did knowingly and intentionally distribute and attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3), 960(b)(1)(B)(ii) and 963, and Title 18, United States Code, Section 2.

<u>Violation Four</u>
(Attempted International Cocaine Distribution -
Approximately 670 Kilograms of Cocaine)

9.    On or about and between April 1, 2008 and April 22, 2008, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant JAVIER ANTONIO CALLE SERNA, together with others, did knowingly and intentionally distribute and attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3), 960(b)(1)(B)(ii) and 963, and Title 18, United States Code, Section 2.

-7-

<u>Violation Five</u>
(Attempted International Cocaine Distribution -
Approximately 9,500 Kilograms of Cocaine)

10.  On or about and between May 14, 2008 and June 14,
2008, both dates being approximate and inclusive, within the
extraterritorial jurisdiction of the United States, the defendant
JAVIER ANTONIO CALLE SERNA, together with others, did knowingly
and intentionally distribute a controlled substance, intending
and knowing that such substance would be unlawfully imported into
the United States from a place outside thereof, which offense
involved five kilograms or more of a substance containing
cocaine, a Schedule II controlled substance, in violation of
Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3),
960(b)(1)(B)(ii) and 963, and Title 18, United States Code,
Section 2.

(Title 21, United States Code, Sections 848(a), 848(b)
and 848(c); Title 18, United States Code, Sections 2, 3238 and
3551 <u>et</u> <u>seq</u>.)

<u>COUNT TWO</u>
(Murder of Luis Alfonso Ocampo Fomeque)

11.  The allegations contained in paragraphs one
through three are realleged and incorporated as if fully set
forth in this paragraph.

12.  On or about February 8, 2004, within the
extraterritorial jurisdiction of the United States, the defendant
JAVIER ANTONIO CALLE SERNA, also known as "Comba," "Combatiente,"

-8-

"El Cantante," "La Doctora," "La Tia," "El Apa," "Papa," "La
Senora," "La Firma," "Combat" and "Mortal," together with others,
while engaging in a continuing criminal enterprise, to wit: the
enterprise charged in Count One, and while engaging in an offense
punishable under Section 960(b)(1) of Title 21 of the United
States Code, to wit: the offense charged in Count Three, did
knowingly and intentionally kill, and counsel, command, induce,
procure and cause the intentional killing of, an individual, to
wit: Luis Alfonso Ocampo Fomeque, also known as "Tocayo Patino,"
and such killing did result.

(Title 21, United States Code, Section 848(e)(1)(A);
Title 18, United States Code, Sections 2, 3238 and 3551 <u>et</u> <u>seq</u>.)

<u>COUNT THREE</u>
(International Cocaine Distribution Conspiracy)

13.   The allegations contained in paragraphs one
through three are realleged and incorporated as if fully set
forth in this paragraph.

14.   On or about and between January 1, 2004 and
December 1, 2012, both dates being approximate and inclusive,
within the extraterritorial jurisdiction of the United States,
the defendants JAVIER ANTONIO CALLE SERNA, also known as "Comba,"
"Combatiente," "El Cantante," "La Doctora," "La Tia," "El Apa,"
"Papa," "La Senora," "La Firma," "Combat" and "Mortal," LUIS
ALBERTO BELLO PABON, also known as "Mauricio," "Rodolfo" and
"Roman," GILBERTO MIRANDA ROJAS, also known as "Eduardo,"

"Emilio" and "Henry Rengifo," WILLIAM CARDENAS FORERO, also known as "John," "Cabo," "Willy" and "William," FRANCISCO JAVIER GARCIA, also known as "Pacho Garra," CARLOS HUGO GARCIA GARCIA, also known as "Lucker," "Chocolate" and "Carlos," ADOLFO ERAZO ROSERO, also known as "Chiguiro," "Chiki," "Enano," "Olmedo," "Stiven" and "Juanes," CARLOS HUMBERTO ARIAS MURILLO, also known as "Galleta," HEDER AUGUSTO SARRIA MARTINEZ, also known as "Nino Malo," JOSE MANUEL ALVAREZ TONGUINO, also known as "Mani," "Indio," "Dulce," "Salado," "Salidito," "Dulcecito," "Manuel" and "Manimoto," REINALDO ANTONIO BEDOYA ZAPATA, also known as "Rey," "Paisa" and "Paisita," DEIVER YEZID RESTREPO LOPEZ, also known as "Azael" and "Tio Rico," GILBERTO LONDONO GARCIA, also known as "Profe," "Viejo," "Cerpa" and "Cerpita," HERMEL ARNUBIO ALARCON DIAZ, also known as "Pequenito," "Bajito," "Enano" and "Arnold," LUIS ENRIQUE CALLE SERNA, CESAR JULIAN OROZCO SANCHEZ, also known as "Arana," "Indio," "Alvaro" and "Jordan," ████████████████████████████████████████████████████ ██████████████ together with others, did knowingly and intentionally conspire to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing

cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 959(a) and 960(a)(3).

(Title 21, United States Code, Sections 963, 959(c) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 3238 and 3551 <u>et</u> <u>seq</u>.)

COUNT FOUR
(International Distribution of Cocaine -
Approximately 15,000 Kilograms of Cocaine)

15.   The allegations contained in paragraphs one through three are realleged and incorporated as if fully set forth in this paragraph.

16.   On or about and between March 1, 2007 and March 17, 2007, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants JAVIER ANTONIO CALLE SERNA, also known as "Comba," "Combatiente," "El Cantante," "La Doctora," "La Tia," "El Apa," "Papa," "La Senora," "La Firma," "Combat" and "Mortal," LUIS ALBERTO BELLO PABON, also known as "Mauricio," "Rodolfo" and "Roman," GILBERTO MIRANDA ROJAS, also known as "Eduardo," "Emilio" and "Henry Rengifo," WILLIAM CARDENAS FORERO, also known as "John," "Cabo," "Willy" and "William," FRANCISCO JAVIER GARCIA, also known as "Pacho Garra," CARLOS HUGO GARCIA GARCIA, also known as "Lucker," "Chocolate" and "Carlos," ADOLFO ERAZO ROSERO, also known as "Chiguiro," "Chiki," "Enano," "Olmedo," "Stiven" and "Juanes," CARLOS HUMBERTO ARIAS MURILLO, also known as "Galleta," HEDER AUGUSTO SARRIA MARTINEZ, also known as "Nino

-11-

Malo," JOSE MANUEL ALVAREZ TONGUINO, also known as "Mani,"
"Indio," "Dulce," "Salado," "Salidito," "Dulcecito," "Manuel" and
"Manimoto," REINALDO ANTONIO BEDOYA ZAPATA, also known as "Rey,"
"Paisa" and "Paisita," DEIVER YEZID RESTREPO LOPEZ, also known as
"Azael" and "Tio Rico," GILBERTO LONDONO GARCIA, also known as
"Profe," "Viejo," "Cerpa" and "Cerpita," HERMEL ARNUBIO ALARCON
DIAZ, also known as "Pequenito," "Bajito," "Enano" and "Arnold,"
CESAR JULIAN OROZCO SANCHEZ, also known as "Arana," "Indio,"
"Alvaro" and "Jordan," ███████████████████████
████████████████████ together with others, did knowingly
and intentionally distribute and attempt to distribute a
controlled substance, intending and knowing that such substance
would be unlawfully imported into the United States from a place
outside thereof, which offense involved five kilograms or more of
a substance containing cocaine, a Schedule II controlled
substance.

     (Title 21, United States Code, Sections 959(a), 959(c),
960(a)(3), 960(b)(1)(B)(ii) and 963; Title 18, United States
Code, Sections 2, 3238 and 3551 <u>et</u> <u>seq</u>.)

COUNT FIVE
(International Distribution of Cocaine -
Approximately 670 Kilograms of Cocaine)

     17.   The allegations contained in paragraphs one
through three are realleged and incorporated as if fully set
forth in this paragraph.

-12-

18.  On or about and between April 1, 2008 and April 22, 2008, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants JAVIER ANTONIO CALLE SERNA, also known as "Comba," "Combatiente," "El Cantante," "La Doctora," "La Tia," "El Apa," "Papa," "La Senora," "La Firma," "Combat" and "Mortal," LUIS ALBERTO BELLO PABON, also known as "Mauricio," "Rodolfo" and "Roman," GILBERTO MIRANDA ROJAS, also known as "Eduardo," "Emilio" and "Henry Rengifo," WILLIAM CARDENAS FORERO, also known as "John," "Cabo," "Willy" and "William," FRANCISCO JAVIER GARCIA, also known as "Pacho Garra," CARLOS HUGO GARCIA GARCIA, also known as "Lucker," "Chocolate" and "Carlos," ADOLFO ERAZO ROSERO, also known as "Chiguiro," "Chiki," "Enano," "Olmedo," "Stiven" and "Juanes," CARLOS HUMBERTO ARIAS MURILLO, also known as "Galleta," HEDER AUGUSTO SARRIA MARTINEZ, also known as "Nino Malo," JOSE MANUEL ALVAREZ TONGUINO, also known as "Mani," "Indio," "Dulce," "Salado," "Salidito," "Dulcecito," "Manuel" and "Manimoto," REINALDO ANTONIO BEDOYA ZAPATA, also known as "Rey," "Paisa" and "Paisita," DEIVER YEZID RESTREPO LOPEZ, also known as "Azael" and "Tio Rico," GILBERTO LONDONO GARCIA, also known as "Profe," "Viejo," "Cerpa" and "Cerpita," HERMEL ARNUBIO ALARCON DIAZ, also known as "Pequenito," "Bajito," "Enano" and "Arnold," CESAR JULIAN OROZCO SANCHEZ, also known as "Arana," "Indio," "Alvaro" and "Jordan," ███████████████████████

-13-

████████████████████████together with others, did knowingly and intentionally distribute and attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3), 960(b)(1)(B)(ii) and 963; Title 18, United States Code, Sections 2, 3238 and 3551 et seq.)

COUNT SIX
(International Distribution of Cocaine -
Approximately 9,500 Kilograms of Cocaine)

19.  The allegations contained in paragraphs one through three are realleged and incorporated as if fully set forth in this paragraph.

20.  On or about and between May 14, 2008 and June 14, 2008, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants JAVIER ANTONIO CALLE SERNA, also known as "Comba," "Combatiente," "El Cantante," "La Doctora," "La Tia," "El Apa," "Papa," "La Senora," "La Firma," "Combat" and "Mortal," LUIS ALBERTO BELLO PABON, also known as "Mauricio," "Rodolfo" and "Roman," GILBERTO MIRANDA ROJAS, also known as "Eduardo," "Emilio" and "Henry Rengifo," WILLIAM CARDENAS FORERO, also known

-14-

as "John," "Cabo," "Willy" and "William," FRANCISCO JAVIER
GARCIA, also known as "Pacho Garra," CARLOS HUGO GARCIA GARCIA,
also known as "Lucker," "Chocolate" and "Carlos," ADOLFO ERAZO
ROSERO, also known as "Chiguiro," "Chiki," "Enano," "Olmedo,"
"Stiven" and "Juanes," CARLOS HUMBERTO ARIAS MURILLO, also known
as "Galleta," HEDER AUGUSTO SARRIA MARTINEZ, also known as "Nino
Malo," JOSE MANUEL ALVAREZ TONGUINO, also known as "Mani,"
"Indio," "Dulce," "Salado," "Salidito," "Dulcecito," "Manuel" and
"Manimoto," REINALDO ANTONIO BEDOYA ZAPATA, also known as "Rey,"
"Paisa" and "Paisita," DEIVER YEZID RESTREPO LOPEZ, also known as
"Azael" and "Tio Rico," GILBERTO LONDONO GARCIA, also known as
"Profe," "Viejo," "Cerpa" and "Cerpita," HERMEL ARNUBIO ALARCON
DIAZ, also known as "Pequenito," "Bajito," "Enano" and "Arnold,"
CESAR JULIAN OROZCO SANCHEZ, also known as "Arana," "Indio,"
"Alvaro" and "Jordan," ███████████████████████████
████████████████████████" together with others, did knowingly
and intentionally distribute and attempt to distribute a
controlled substance, intending and knowing that such substance
would be unlawfully imported into the United States from a place

-15-

outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3), 960(b)(1)(B)(ii) and 963; Title 18, United States Code, Sections 2, 3238 and 3551 et seq.)

COUNT SEVEN
(International Distribution of Cocaine –
Approximately 1,200 Kilograms of Cocaine)

21.   The allegations contained in paragraphs one through three are realleged and incorporated as if fully set forth in this paragraph.

22.   On or about and between October 1, 2010 and November 30, 2010, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants CESAR JULIAN OROZCO SANCHEZ, also known as "Arana," "Indio," "Alvaro" and "Jordan," ███████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ █████████ together with others, did knowingly and intentionally distribute and attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof,

-16-

which offense involved five kilograms or more of a substance
containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 959(a), 959(c),
960(a)(3), 960(b)(1)(B)(ii) and 963; Title 18, United States
Code, Sections 2, 3238 and 3551 <u>et</u> <u>seq</u>.)

COUNT EIGHT
(International Distribution of Cocaine -
Approximately 4,500 Kilograms of Cocaine)

23.   The allegations contained in paragraphs one
through three are realleged and incorporated as if fully set
forth in this paragraph.

24.  On or about and between December 1, 2010 and
January 30, 2011, both dates being approximate and inclusive,
within the extraterritorial jurisdiction of the United States,
the defendants CESAR JULIAN OROZCO SANCHEZ, also known as
"Arana," "Indio," "Alvaro" and "Jordan," ████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████ together with others, did knowingly and intentionally
distribute and attempt to distribute a controlled substance,
intending and knowing that such substance would be unlawfully
imported into the United States from a place outside thereof,

-17-

which offense involved five kilograms or more of a substance
containing cocaine, a Schedule II controlled substance.

     (Title 21, United States Code, Sections 959(a), 959(c),
960(a)(3), 960(b)(1)(B)(ii) and 963; Title 18, United States
Code, Sections 2, 3238 and 3551 et seq.)

COUNT NINE<br>(Conspiracy to Launder Money)

     25.   The allegations contained in paragraphs one
through three are realleged and incorporated as if fully set
forth in this paragraph.

     26.  On or about and between January 1, 2004 and
December 1, 2012, both dates being approximate and inclusive,
within the Eastern District of New York, the extraterritorial
jurisdiction of the United States and elsewhere, the defendants
JAVIER ANTONIO CALLE SERNA, also known as "Comba," "Combatiente,"
"El Cantante," "La Doctora," "La Tia," "El Apa," "Papa," "La
Senora," "La Firma," "Combat" and "Mortal," LUIS ALBERTO BELLO
PABON, also known as "Mauricio," "Rodolfo" and "Roman," GILBERTO
MIRANDA ROJAS, also known as "Eduardo," "Emilio" and "Henry
Rengifo," WILLIAM CARDENAS FORERO, also known as "John," "Cabo,"
"Willy" and "William," FRANCISCO JAVIER GARCIA, also known as
"Pacho Garra," CARLOS HUGO GARCIA GARCIA, also known as "Lucker,"
"Chocolate" and "Carlos," ADOLFO ERAZO ROSERO, also known as
"Chiguiro," "Chiki," "Enano," "Olmedo," "Stiven" and "Juanes,"
CARLOS HUMBERTO ARIAS MURILLO, also known as "Galleta," HEDER

-18-

AUGUSTO SARRIA MARTINEZ, also known as "Nino Malo," JOSE MANUEL
ALVAREZ TONGUINO, also known as "Mani," "Indio," "Dulce,"
"Salado," "Salidito," "Dulcecito," "Manuel" and "Manimoto,"
REINALDO ANTONIO BEDOYA ZAPATA, also known as "Rey," "Paisa" and
"Paisita," DEIVER YEZID RESTREPO LOPEZ, also known as "Azael" and
"Tio Rico," GILBERTO LONDONO GARCIA, also known as "Profe,"
"Viejo," "Cerpa" and "Cerpita," HERMEL ARNUBIO ALARCON DIAZ, also
known as "Pequenito," "Bajito," "Enano" and "Arnold," CESAR
JULIAN OROZCO SANCHEZ, also known as "Arana," "Indio," "Alvaro"
and "Jordan," ███████████████████████████

████████████████████████████████████████

███████████████████████████████████together with
others, did knowingly and intentionally conspire to conduct
financial transactions in and affecting interstate and foreign
commerce, to wit: the transfer and delivery of United States
currency, which in fact involved the proceeds of specified
unlawful activity, to wit: narcotics trafficking, in violation of
Title 21, United States Code, Sections 848, 952, 959, 960 and
963, knowing that the property involved in the financial
transactions represented the proceeds of some form of unlawful
activity, with the intent to promote the carrying on of the

-19-

specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i).

(Title 18, United States Code, Sections 1956(h), 1956(f) and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE
(Continuing Criminal Enterprise)

27.   The United States hereby gives notice to the defendant JAVIER ANTONIO CALLE SERNA, also known as "Comba," "Combatiente," "El Cantante," "La Doctora," "La Tia," "El Apa," "Papa," "La Senora," "La Firma," "Combat" and "Mortal," charged in Count One that, upon conviction of such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, and any of their interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise, including but not limited to at least approximately a sum of money equal to $1 billion in United States currency.

28.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

-20-

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION AS TO
COUNTS THREE THROUGH EIGHT
(International Cocaine Trafficking)

29.   The United States hereby gives notice to the defendants charged in Counts Three through Eight that, upon conviction of any such offenses, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, and any property used, or

-21-

intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses including but not limited to at least approximately a sum of money equal to $1 billion in United States currency.

30. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Section 853(p))

<u>CRIMINAL FORFEITURE ALLEGATION AS TO COUNT NINE</u>

31. The United States hereby gives notice to the defendants charged in Count Nine that, upon conviction of such

-22-

offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982, of all property involved in such offense of conviction in violation of Title 18, United States Code, Section 1956(h), and all property traceable to such property as a result of the defendants' conviction of such offense, including but not limited to, at least approximately a sum of money equal to $1 billion in United States currency.

32.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982, to seek forfeiture of any other

property of the defendants up to the value of the forfeitable

property described in this forfeiture allegation.

     (Title 18, United States Code, Section 982)


A TRUE BILL


_____
FOREPERSON


_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK